(88 South. 700)

No. 24569.

STATE v. WEBB.

(May 2, 1921. Rehearing Denied May 30, 1921.)

(Syllabus by Editorial Staff.)

1. Criminal law ⚖️686(2) — Reopening case for character evidence by way of cross-examination is discretionary.

Where testimony in rebuttal was not on the subject of character, cross-examination on that subject would have constituted a reopening of defendant's case, which he had closed so that refusal was in the court's discretion.

2. Criminal law ⚖️706—Question whether defendant surrendered through fear, rather than sense of innocence, held not an appeal to race prejudice.

In a prosecution of a negro for homicide an unanswered question as to whether defendant's willingness to surrender to an officer was through a sense of fear, to combat the inference that it was through a sense of innocence, was not improper as an appeal to race prejudice.

Appeal from Second Judicial District Court, Parish of Webster; Robert Roberts, Jr., Judge.

Henry Webb was convicted of manslaughter, and he appeals. Affirmed.

Thomas W. Robertson, of Shreveport, for appellant.

A. V. Coco, Atty. Gen., and R. H. Lee, Dist. Atty., and L. K. Watkins, both of Minden (T. S. Walmsley, of New Orleans, of counsel), for the State.

PROVOSTY, J. Accused was tried for murder, convicted of manslaughter, sentenced to the penitentiary, and has appealed.

[1] He sought to introduce evidence of good character by cross-examining two witnesses whom the state had called in rebuttal, and was not allowed to do so, for the reason that the rebuttal was not on the subject of character, and that he had closed his case.

For admitting this evidence the case would have had to be reopened; and whether to allow a case to be reopened is discretionary with the trial judge. 16 C. J. 871.

[2] A deputy sheriff who, as a witness for accused, had testified that accused had voluntarily come and given himself up to him, was asked by the district attorney whether accused did not fear violence from the whites in the community in which the homicide had been committed. Objection being made, the question was not answered; and there was no ruling.

The contention is that this question was improper, and that the very asking of it was

prejudicial, as an appeal to race prejudice, the accused being a negro.

The purpose was to show that the willingness to give himself up had been through a sense of fear, and thus combat an inference which might otherwise have been drawn that it had been through a sense of innocence.

The question was therefore proper, and, moreover, could not have had for its motive the arousing of race prejudice, since the victim of the homicide was a negro; and since, besides, the bill of exception does not show that the jury was composed of whites.

Judgment affirmed.